IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MITCHELL W. CRUTCHFIELD                                             PLAINTIFF

v.                          No. 2:17-CV-02075

TYSON FOODS, INC.                                                         DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Tyson Foods, Inc.'s ("Tyson") motion to dismiss (Doc. 6), and brief in support (Doc. 7), submitted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff Mitchell W. Crutchfield filed a response (Doc. 10), and Tyson filed a reply (Doc. 12) with leave of Court. Tyson argues that Mr. Crutchfield's lawsuit is barred by the *Rooker-Feldman* doctrine as well as by issue and claim preclusion. It additionally contends that Mr. Crutchfield's complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, Tyson's motion (Doc. 6) will be granted and the matter will be dismissed.

**I.    Background**

Plaintiff and his wife own Granny Creek Farm, a commercial chicken farm located in Johnson County, Arkansas. In 1987, the Crutchfields began growing broiler chickens for Tyson. Mr. Crutchfield alleges that he and his wife spent in excess of $600,000 on six broiler houses in compliance with Tyson's specifications, and that they expanded their operations over the years at Tyson's request as long term investments with little to no immediate profit. In 2010, Plaintiff alleges that Tyson implemented a new program that mandated hundreds of thousands of dollars be spent upgrading the chicken houses in an attempt to "manipulate the market, hold grower pay down and eliminate elder growers…" (Doc. 1, ¶ 8). Contracts with farms that did not conform to the mandated upgrades by May 1, 2013 would be terminated on that same date. Mr. Crutchfield

1

alleges that his agreement with Tyson for the production of chicken product was terminated on May 6, 2012. Mr. Crutchfield's complaint claims that Tyson's actions violated the Packers and Stockyards Act, 7 U.S.C. § 181 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA"); the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 et seq.; and breached its contract with Plaintiff.

On April 30, 2015, the Crutchfields filed a complaint against Tyson in Johnson County Circuit Court. The complaint included causes of action against Tyson for "fraud, constructive fraud, fraud in the inducement, promissory estoppel, unjust enrichment, deceptive trade practices, and breach of contract, negligence, and mental anguish." (Doc. 6, Ex. 1, ¶ 4). Tyson filed a motion to dismiss on the grounds that the complaint failed to state facts upon which relief could be granted on each of the Crutchfields' claims except for breach of contract. *Crutchfield v. Tyson Foods, Inc.*, 514 S.W.3d 499 (Ark. App. 2017) ("*Crutchfield I*"). Tyson additionally argued that several of the claims were barred by their respective statutes of limitation. *Id*. The trial court dismissed with prejudice each of the claims except for breach of contract, and directed the Crutchfields to file an amended complaint limiting their allegations to facts relevant to the breach claim within the requisite statute of limitations period. *Id*. The amended complaint did not comply with the state court's directive and was subsequently dismissed without prejudice. *Id*. The Crutchfields then appealed the decision to the Arkansas Court of Appeals, with the panel finding—as relevant to this case—that the trial court did not abuse its discretion in dismissing the claim for violation of the ADTPA, and that the Crutchfields' amended complaint failed to plead facts showing that a contract was breached such that the trial court did not abuse its discretion in dismissing the amended complaint without prejudice. *Id*. However, because the Crutchfields appealed the dismissal without prejudice of the amended complaint and that order was affirmed, the trial court's order

was modified to dismissal with prejudice. *Id*. (citing *Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324 (Ark. 2010)). Two months after the Arkansas Court of Appeals issued its opinion, the immediate lawsuit was filed. Tyson's motion to dismiss argues that Plaintiff's claims are barred because the Crutchfields' previously-filed lawsuit in Arkansas state court against Tyson was based on the same events and dismissed with prejudice on March 1, 2017.[1] *Crutchfield I*.

## II. Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). A pro se plaintiff's complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, any "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

---

[1] As an alternative basis for dismissal, Tyson argues that the statute of limitations bars Mr. Crutchfield's claims for breach of contract and under the Packers and Stockyard Act, that the complaint fails to adequately state a claim for age discrimination, and that Plaintiff effectively abandoned his ADTPA claim. Because the Court finds that abstention is warranted under the *Rooker-Feldman* doctrine, it does not reach Tyson's alternative arguments.

**III.    Discussion**

Tyson first asserts that dismissal is proper because this Court lacks jurisdiction over the case due to the *Rooker-Feldman* abstention doctrine. Defendant argues that Mr. Crutchfield is asking this Court to review and overturn a state-court decision that resolved all of the claims at issue in the instant case. The *Rooker-Feldman* doctrine precludes a district court from reviewing any final state court decision on the merits, as "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000).

The *Rooker-Feldman* doctrine only applies in the limited circumstance in which a party "seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). The doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). *Rooker-Feldman* abstention is not the same thing as issue preclusion or claim preclusion. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). *Rooker-Feldman* abstention only applies when a party files a federal lawsuit complaining of injuries caused by a state court's judgment and invites the federal court to review and reverse the state court. *Id.*

While the complaint in this case does not explicitly mention the previous state court action against Tyson or injuries caused by the final judgment in that case, "[t]he *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to

undermine state court decisions." *Lemonds*, 222 F.3d at 492.[2] "[W]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. at 493 (quoting *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Deciding whether the *Rooker-Feldman* doctrine controls and claims are "inextricably intertwined" with specific claims already adjudicated in state court "requires determining exactly what the state court held to ascertain whether granting the requested federal relief would either void the state court's judgment or effectively amount to a reversal of its holding." *Lemonds*, 222 F.3d at 493 (citations omitted).

The Court concludes that the *Rooker-Feldman* doctrine applies and abstention is warranted because granting the relief requested by Mr. Crutchfield would effectively void or reverse the state court's dismissal with prejudice in *Crutchfield I*. The underlying facts upon which Mr. Crutchfield brings his claims in this lawsuit are virtually identical to those presented in the prior state court action. In that case, Mr. Crutchfield and his wife brought claims under the ADTPA and for breach of contract based on the same facts as alleged in the instant matter, and both causes of action were specifically dismissed with prejudice by the Arkansas Court of Appeals.

Mr. Crutchfield's claim for violations of the Packer and Stockyards Act alleges that Tyson employed unfair, deceptive, and discriminatory practices by giving favored growers a competitive advantage through the use of a "deceptive ranking and pay system," as well as by "using deception to terminate plaintiff's partnership of producing quality chicken product and destroying

---

[2] The Court recognizes that the contour of *Lemonds* was recently limited in *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017) (citing *Exxon Mobil*, 544 U.S. at 283). However, the Court finds that Mr. Crutchfield's complaint still fits squarely within the *Rooker-Feldman* doctrine and application of the doctrine as it relates to this matter was not superseded by *Exxon Mobil*.

plaintiff's… business." (Doc. 1, ¶¶ 33-34). In *Crutchfield I*, the amended complaint "alleged that Tyson had violated its contractual duty to make reasonable best efforts when it mandated premium-house updates, relied on a discriminatory ranking system, and failed to treat all growers equally." 514 S.W.3d at 502. As a result, the claim for violations of the Packer and Stockyards Act relies on the same facts presented in *Crutchfield I*, and granting Plaintiff relief on this claim would effectively amount to reversal of the Arkansas Court of Appeals' dismissal with prejudice of the Crutchfields' amended complaint, specifically with regard to the breach of contract claim there.

Similarly, Mr. Crutchfield's age discrimination claim alleges that Tyson targeted older growers as part of its mandated chicken house upgrades because it knew that these elder growers would be unable to afford the expensive cost of upgrading the chicken houses. (Doc. 1, ¶¶ 36-39). The *Rooker-Feldman* doctrine warrants abstention because ruling in Plaintiff's favor on this claim would be predicated upon a finding that the state court was wrong in dismissing with prejudice the Crutchfields' claims for fraud and deceptive trade practices by Tyson in implementing the mandated upgrades and terminating its broiler production contract with the Crutchfields. *See* Ark. Code Ann. § 4-88-201 et seq. (providing enhanced penalties when elder persons are targeted by deceptive trade practices).

Mr. Crutchfield's response to Tyson's motion clarifies that his purpose in filing the immediate lawsuit is to seek reversal of the state court decision. It states that the Arkansas state court "portrayed us as fools for believing the American Justice System works for all," that the trial court used a "double standard," and that the judge "could not look us in the eye and deliver his decision because he knew this was unfair." (Doc. 10, p. 3). Furthermore, the response provides: "Plaintiff did not have his day in court because he was robbed of a jury trial by a prejudicial Court, Defendant Tyson Foods Inc. and the Court being on the same side, this reputation being well

6

established. The Plaintiff Mitchell Crutchfield being Pro Se was held to a higher standard than attorneys often are." (*Id*., p. 6). Based on this, the Court is convinced that Mr. Crutchfield is seeking here "to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466 (2006). Because federal jurisdiction to review the Arkansas state court's final judgment is exclusive to the United States Supreme Court, this Court lacks jurisdiction to hear the matter and dismissal is proper.

To the extent that the *Rooker-Feldman* doctrine may be inapplicable, Mr. Crutchfield's complaint is subject to claim preclusion and should be dismissed. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Edward v. City of Jonesboro*, 645 F.3d 1014, 1019 (8th Cir. 2011) (citations and quotation omitted). Claim preclusion bars a claim in a second suit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies." *Ark. Office of Child Support Enforcement v. Williams,* 995 S.W.2d 338, 339 (Ark. 1999). Claim preclusion "bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated." *Id*. (citing *Wells v. Arkansas Pub. Serv. Comm'n,* 616 S.W.2d 718 (Ark. 1981)).

The previous state court action was based on proper jurisdiction, with both parties to the present lawsuit having been involved and litigating the suit in good faith. The Arkansas Court of Appeals modified dismissal to be with prejudice, which is the equivalent of a final judgment on the merits. *See Brown v. Pine Bluff Nursing Home*, 199 S.W.3d 45, 47 (Ark. 2004); *see also Curry v. Hanna,* 307 S.W.2d 77, 80 (Ark. 1957) ("The rule appears to be well established that a 'dismissal

7

with prejudice' is equivalent to a final judgment insofar as the application of the doctrine of res judicata is concerned"); *Seaboard Finance Co. v. Wright,* 266 S.W.2d 70 (Ark. 1954) (a dismissal with prejudice is a "final adjudication on the merits" for purposes of res judicata). Finally, even though Mr. Crutchfield's ADEA and Packer and Stockyards Act claims were not invoked in the state court action, they could have been litigated there because they are based on the same facts as those presented in the previous lawsuit, and state courts of general jurisdiction may hear actions under those laws. Therefore, the elements of claim preclusion have been met and dismissal is additionally proper on these grounds.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 6) is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel (Doc. 11) is DENIED as MOOT.

IT IS SO ORDERED this 30th day of June, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE